Matthew Fledell for Petitioner Han Jin Lee, Your Honor. May it please the Court, I request two minutes for rebuttal. This is a case where my client had a, pardon me, in this case had an immigration case in which the I.J. said with regard to demeanor, considering the totalitarian of all the circumstances, the Court finds the respondent has not presented a credible claim. The Court notes that a significant reason for the negative credibility relates to respondent's demeanor. The undersigned rarely, if ever, has based a negative credibility determination primarily on demeanor and is reluctant to do so here. The I.J. characterized Ms. Li's demeanor as odd four times. She would pause in her narrative, clutch her throat, and would say she was nervous. Was there a translator in this case? There was a translator. Was some of this due to translation issues? Well, I don't believe so, Your Honor. The issue here is I think psychological. You're talking about her problem with numbers? Her problem with numbers, yes, Your Honor. So you think the discrepancies in dates have to do with her problem in remembering numbers the right way? That's correct, Your Honor. That is something that we believe is true. She brought that up to the BIA? I did not do the BIA brief, and I was not counsel for her at that time. So the prior counsel, are you saying did not bring it up to the BIA? I believe that the prior counsel did not bring it up to the BIA. How can we consider it then? Well, it comes in the record. There's numerous record instances. For instance, she would say that she was nervous ten times on the record. The IJ called her demeanor odd four times. Pardon me, I didn't understand. You said the IA called her what? BIA. Did what? Sorry, Your Honor. You said something that happened four times. What did you mean? That her odd? Yes. Yeah. She would clutch her throat. Let me ask you something. She may have trouble with numbers as to 4,000 yuan, but didn't she testify on the one hand that she started going to church meetings in 2001, and then on the other hand, said she started going to church meetings in 2009. Is that an inconsistency or is that explained because she has trouble with numbers? I think it's an inconsistency, and I also think that it has to do with her trouble with numbers. For instance, at one point, she says that there was an incident in 2019, but the trial was in 2014. There are other instances in the record that she had, that she confounded numbers, confounded other circumstances. She would clutch her throat. The immigration judge said, you know, stop hurting yourself. Why is your head in your lap? And she, I think that was a little hyperbole. Let me ask you, is there any probability that her difficulty with numbers said, explains on the one hand when she said she was unable to contact her mother while in detention? And on the other hand, the mother writes a letter that she says she bailed her out for 4,000 yuan. Is that a problem? Is that caused by difficulty with numbers? It's our contention that that is the case. It's our contention that, yes, she was. How are numbers confound whether you are incommunicado or not? I do not have an answer for that. No, I don't think you're having it. All right. Can I ask you about one thing? Just one thing. Yes, your honor. Mains versus Sessions from this court in 2017. Are you familiar with that case? I am not. Okay. It's, it's not good for you. And I wanted you to have an opportunity to speak to it because an immigration judge there noted that an when confronted with evidence, the individual would move his hands. Speech was notably faster, had an almost desperate tone when responding to confrontations. And the Ninth Circuit essentially upheld the BIA's determination about credibility based on those factors. And I wanted you to speak to how that differs from what we have here. Yes, your honor. The well, I would refer to matter of MAM 25 INN decision 474 BIA. This, the MAM elucidates certain things that IJs ought to consider, whether there is a good cause to believe that the alien lacks sufficient competency without say may lack sufficient competency. It is actually our position that she is not incompetent, but that she has a, something akin to a learning disability. I know that this, that the intention that there is a learning disability is extra record evidence. But it is our position that there is a lot of, a lot of ways of looking at it through the, through, through the record that shows that there's a lot of confusion in this case. The, the immigration judge is dealing with a difficult situation. You can, you can see it in the, in the, in the transcript. He's started to say, the IJ said that he has never, he has rarely or never made a credibility decision on demeanor, but he felt that he had to in this 1111 by the, by the immigration board of appeals, it was used to be a guide to other cases and ran through a number of issues about indesia of how people can be, um, well, your, your position on that is I take it has to be that the immigration judge here followed matter versus ma'am, but came to a conclusion, employing its factors that, uh, led you to appeal essentially. Correct? Yes, your honor. All right, counsel, you're over your time. Um, we'll hear from the government now. Thank you. Good morning, your honors, and may it please the court, Alison Freyer for the attorney general. In this case, the IJ reasonably found Ms. Lee's demeanor that he, uh, described in the, uh, transcript as well as in his oral decision, internal inconsistencies within her testimony and inconsistencies between her testimony and her supporting documentation. For the most part, Ms. Lee does not dispute that those inconsistencies are present in the record, and they are therefore supported by substantial evidence. The court need go no further to deny the petition for review as the adverse credibility finding is dispositive of her testimony. With respect to Kat, she's waived any relevant argument, and even if not, she relies on the same discredited testimony to establish eligibility for that form of protection. With respect to the demeanor, as petitioner pointed out, she, uh, laughed inappropriately, she clutched her throat, she gave long pauses. Um, these, uh, to give, uh, demeanor finding, which as he noted in his oral decision, he hardly ever does, but this case stood out and was well beyond the pale such that, uh, he was compelled to find, um, Ms. Lee not to be found guilty. Um, the, uh, respondent, Ms. Lee, did indeed say during her testimony she made mistakes on numbers, numbers made her nervous, but it didn't seem like the immigration judge built this into his interpretation of the demeanor evidence. Is that, in any way, undermine what should be our confidence in the, uh, ruling he made? Absolutely not. Ms. Lee's, uh, actual explanation was that numbers make her nervous, which is a variation on the testimony that she was nervous when the IJ asked why she was laughing, and he did explain that the nervous, he did say that the nervous explanation wasn't persuasive to him. He dealt with that explanation, and moreover, all of this talk of possible learning disabilities or psychological differences was not presented to the agency, and so the court lacks jurisdiction to consider the arguments in the first instance. Now, if Ms. Lee truly believes that she has a learning disability that impacted her ability to present her case, she may present a motion to reopen before the board, and the board can consider that evidence in the first instance, but she has not done so here. Moreover, there's not even any evidence in the record to support the claim other than the statement that numbers make her nervous. Numbers make a lot of people nervous, but that doesn't mean they have a learning disability related to them that would impact their ability to testify. From personal experience, numbers don't make me nervous, but I often switch them back and forth. It seems like some of these numbers were just switches and dates, and they were very quickly corrected in the record. I'm sorry, but they were, I think most of them were pretty quickly corrected in the record, and so I don't think that inconsistency is fatal, but the one inconsistency that I find problematic is the differing accounts as to the 4,000 RMB. Yes, I agree. I think it would be very different if your daughter were in detention and you had not heard from her, and an authority figure called and told you how to get her out of jail, than if your daughter herself called and explained how to get her out. If you hadn't heard from your daughter in days and you knew she'd been arrested, a call from her would be profoundly reassuring, even if it contained information about how to bail her out. That would be very different than getting a call from her jailer telling you how to get her out, and so the idea that Ms. Lee's mother must have just made a mistake because it had been four years since the arrest when she wrote the letter doesn't hold weight, or at least doesn't compel the conclusion that Ms. Lee testified credibly. And this court has repeatedly ruled that if one of the grounds of the adverse credibility determination is supported by substantial evidence, then the court is bound to uphold the entire adverse credibility finding. So that finding, if the court finds that that inconsistency alone is present, then that's a trivial inconsistency as to how her mother learned to bail money. It is not, Your Honor. It's an inconsistency that would tend to go to whether or not her mother actually learned of a bail amount, whether her mother actually bailed her out of jail. That is central to her claim of persecution, that she was arrested, detained, and bailed out. And so attempting to put the label trivial on that is not persuasive, and the IJ was not compelled to find it so. This is an unusual case because I haven't seen a case where, like the IJ says here, where he's calling the petitioner odd, and she's nervous, and she's acting strangely, and that's the basis for making an adverse credibility finding. Do you find this case unusual? I mean, it makes me uneasy. This court need not be uneasy resting on that. Demeanor findings are not common, but they certainly do happen. The case I would point you to is Huang 744F31149. In that case, the court upheld an adverse credibility determination based in part on long pauses before the petitioner would answer the question. So the IJ asked questions, even simple questions, and the petitioner would give long pauses or not answer the question, and the court had no problem upholding the adverse credibility determination. So in this case, the demeanor finding, which included reliance on long pauses, combined with other inconsistencies that petitioner does not dispute exist in the record, do not compel the finding that she was credible. Ms. Lee concedes that she changed her testimony about when her mother found out that she was fired. She does not dispute that the discrepancy about who told her mom about the bail amount is present in the record. For the most part, she doesn't dispute that these things are in the record, and so the record cannot compel the conclusion that she testified credibly. With respect to the merits findings that the agency got to, if the court compels that the petitioner testified credibly, which it should not, but if it did, then the merits findings have been impacted by the recent case of Z-Huo Guo in 2018 that I filed a 28-J about yesterday. And so the court need not reach those findings, but if you do reach those findings, the government would urge you to send the case back to the board so they can evaluate the impact, if any, of that recent case on the past prosecution finding. All right. Thank you, counsel. Thank you. One more minute, because you were over your time. That's all I'll need. Thank you. I want to correct something. Our contention is that the IJ did not follow a matter of ma'am, and nowhere in his decision does it come up, the IJ did say, are you able to testify, are you under a medication or anything, or are you just nervous? Ms. Lee, I'm just nervous, really. And they go on a little bit about that. But that's not really what the IJ should be doing if he has a doubt that there's possibly a competency issue or an inability for her to understand what the proceedings are. Thank you, your honors. Thank you. All right. Thank you very much, counsel. Counsel Lee versus Whitaker will be submitted, and we'll take up Volus versus Housing Authority.
judges: Wardlaw, Bea, Murphy